[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO OVERRULE PLAINTIFF'S OBJECTION TO PRODUCTION NO. 127
The issue in this matter is whether the court should grant the defendant's motion to overrule the plaintiff's objection to production of the plaintiff's income tax returns for the years 1985 through 1989.
It is found that the court should deny the defendant's motion to overrule.
On January 18, 1990, the plaintiff, Total Register, Inc., filed a complaint seeking injunction relief.
The complaint alleges that the plaintiff is both owner and developer of a unique piece of machinery which manufactures and develops holograms to be applied to paper; the process includes special die cutting equipment. The plaintiff alleges that the hologram process, including the machinery, techniques, software and equipment used, is considered a trade secret which has been protected by the plaintiff from its inception to the present date.
The plaintiff further alleges that Andre Prince (hereinafter "defendant") has been an intermittent employee of the plaintiff, acting in the capacity of an independent contractor for the purposes of software development and general engineering services. The plaintiff further alleges that on January 8, 1990, the defendant trespassed upon plaintiff's property, took pictures of the hologram process which is protected as a trade secret, and will use the pictures in an effort to disperse the trade secrets to plaintiff's competitors for the defendant's own economic gain. The plaintiff alleges that unless the defendant is immediately (1) restrained from entering the plaintiff's property, and (2) restrained from using any information gleaned as a result of his independent contractual relationship, plaintiff will suffer irreparable loss and damage. Based on the foregoing, the plaintiff seeks temporary and permanent injunctions.
On May 16, 1991, the defendant filed an amended answer. By way of counterclaim, the defendant alleges in count one that in 1985 the parties orally agreed that the defendant would CT Page 10378 participate in the plaintiff's business on the condition that the defendant would be a 50 percent partner. The defendant alleges that on the basis of his oral agreement, he assisted in the modification of existing machinery and design of new software programs and machine. The defendant alleges that after nearly four years, the plaintiff made little, if any, accounting to the defendant and disbursed no funds to the defendant. Finally, defendant states that in November, 1989, the defendant requested that the plaintiff return his computer and disks to him. The defendant alleges that the plaintiff returned the computer, but kept "ten megabytes" of information belonging to the defendant for his own use. Accordingly, the defendant alleges that the plaintiff has been unjustly enriched through its unauthorized use of the designs and software created by defendant. Count two of defendant's counterclaim alleges that the plaintiff's taking of information from the defendant's disks, and the destruction of material on the disks, comprise computer crimes pursuant to General Statutes, Sec. 53a-251 (e) and (f). Count three alleges that the acts of the plaintiff amount to a violation of General Statutes, Sec. 42-110b(a), the Connecticut Unfair Trade Practices Act ("CUTPA"). On January 2, 1992, the plaintiff filed an amended answer to the defendant's amended answer and counterclaim.
On January 24, 1990, the defendant filed a notice of discovery request stating that he has served interrogatories and a request for production upon the plaintiff. As part of the production request, the defendant seeks the plaintiff's tax returns for the years 1985 through 1989.
On February 28, 1990, the plaintiff filed an objection to the defendant's request for disclosure and production on the grounds that, inter alia, the production of the plaintiff's tax returns is irrelevant.
On August 16, 1993, the defendant filed a motion to overrule the plaintiff's objection to production and for an order requiring the plaintiff to produce the income tax returns on the grounds that the information is relevant to the defendant's counterclaim for unjust enrichment and CUTPA.
General Statutes, Sec. 52-197 et seq. governs discovery in civil actions. Lieberman v. Reliable Refuse Co, 212 Conn. 661,665, 563 A.2d 1013 (1989). Section 52-198 presently provides: CT Page 10379
 If a corporation is party to an action, the opposite party may examine the president, treasurer, secretary, clerk or any director or other officer thereof in the same manner as if he were a party to the suit.
Section 52-199 provides:
 (a) In any hearing or trial, a party interrogated shall not be obliged to answer a question or produce a document the answering or producing of which would tend to incriminate him, or to disclose his title to any property if the title is not material to the hearing or trial.
 (b) The right to refuse to answer a question, produce a document or disclose a title may be claimed by the party interrogated or by counsel in his behalf.
Id., 665-66.
If a party has failed to respond properly to a request for production, the court can enter an order for compliance pursuant to Practice Book, Sec. 231. John F. Epina Realty, Inc. v. Space Realty, Inc., 194 Conn. 71, 82, 480 A.2d 499 (1984). The court can enter this order in the exercise of its discretion. Id. The court's discretion applies to decisions concerning, inter alia, whether the information is material or privileged. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 59, 459 A.2d 503
(1983). By analogy and pursuant to the Internal Revenue Code, when seeking return information from the Internal Revenue Service, returns and return information shall be confidential, except under limited circumstances. Internal Revenue Code, Vol. 2, Sec. 6103, 1993.
In the present case, it is found that the plaintiff should not be obliged to produce a document or, through the confidentiality of a private tax return, disclose title to property that is not material to the present action. In the alternative, even if relevant to punitive damages pursuant to CUTPA, the disclosure of tax records is premature at this stage of the cause. Therefore, the court, in the exercise of its discretion, will sustain the plaintiff's objection to the defendant's request for production.
McGrath, J. CT Page 10380